## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRADLEY STOUT, | : | |
| Plaintiff, | : | Case No. 3:05cv00023 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY INCARCERATION FACILITY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

In January 2005 Plaintiff filed a Complaint *pro se* seeking to raise claims against the Miami County Incarceration Facility Medical Staff and others. On June 20, 2005, the Court Ordered Plaintiff to Show Cause on or before July 5, 2005 why his Complaint should not be dismissed without prejudice due to his failure to effect service of process. (Doc. #5). The copy of this Order served on Plaintiff was returned by the Postal Service marked undeliverable and with a handwritten note stating, "released." (Doc. #6).

Because Plaintiff has not provided the Clerk of Court with a current address, he has not received a copy of the Court's Order to Show Cause. Consequently, he has not responded to the Court's Order to Show Cause. Plaintiff has also failed to file any Motion, Memoranda, or other paper in this case since filing his Complaint in January 2005.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

Although this Court prefers to adjudicate cases on their merits, Plaintiff has failed to effect service of process upon the named defendants within 120 days after filing his Complaint as required by Fed. R. Civ. P. 4(m). In addition, by not responding to the Court's Order to Show Cause, Plaintiff has provided no explanation for his failure to effect service of process and has consequently failed to show good cause for not effecting service upon the named defendants. The record, moreover, contains no indication that the named defendants have waived service of process. Under these circumstances, dismissal of Plaintiff's Complaint without prejudice is warranted. *See Friedman*, 929 F.2d at 1156 (and cases cited therein).

In addition, Plaintiff has engaged in a clear pattern of delay by not providing the Clerk of Court with a current address, by failing to respond to the Court's Order to Show Cause, and by not

prosecuting this case in any manner since filing his Complaint more than five months ago. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT**

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and,

2. The case be terminated on the docket of this Court.

July 11, 2005

                                               s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).